UNITED STATES DISTRICT COURT

Northern District of California

VICTOR CABRIALES and CLAUDIA CABRIALES,

             Plaintiff,

  v.

AURORA LOAN SERVICES, *et al.*,

             Defendants.

No. C 10-161 MEJ

**ORDER RE PLAINTIFF'S MOTION TO REMAND [Dkt. #8] AND DEFENDANT DICHTER'S MOTION TO TRANSFER [Dkt. #6]**

     Pending before the Court is Plaintiffs Victor Cabriales and Claudia Cabriales' ("Plaintiffs") Motion to Remand. (Dkt. #4.) Pursuant to Civil Local Rule 7-1(b), he Court finds this matter suitable for resolution without oral argument and hereby VACATES the March 25, 2010 hearing. After considering the parties' briefs, supporting materials, and controlling authorities, the Court **DENIES** Plaintiffs' Motion to Remand for the reasons set forth below.

## I.  INTRODUCTION

     Plaintiffs initiated this action by filing a Complaint in Contra Costa County Superior Court against Defendant Aurora Loan Services, LLC ("Defendant") and Defendant Quality Loan Service Corporation ("Quality Loan") for Breach of Contract, Unfair Business Practices, Fraud, and Injunctive Relief. (Compl., Dkt. #1, Ex. 1.) Plaintiffs are residents of Contra Costa County, State of California. In their Complaint, Plaintiffs seek to enjoin a foreclosure sale on their residence. Plaintiffs are "husband and wife, and co-owners" of the property located at 1701 Esmond Street, Richmond, California. (Compl. ¶ 3.) The Richmond property is Plaintiffs' family home. (Shalaby

Decl., Compl. Ex. 1.) Defendant is a limited liability company with its home office in Delaware. (Removal Not., Dkt. #1, ¶ 6.) On December 22, 2009, Quality Loan timely filed a declaration of non-monetary status pursuant to California Civil Code section 2924*l*, *id.* at Ex. 3, and is no longer a party to this action.[1]

On January 13, 2010, Defendant removed the action to this Court pursuant to 28 U.S.C. § 1441, on the basis of diversity jurisdiction under 28 U.S.C. § 1332. (Dkt. #1 at 1.) Thereafter, on January 17, 2010, Plaintiffs moved to remand the case back to Contra Costa Superior Court. (Dkt. #4.) Defendant filed its opposition on February 4, 2010, (Dkt. #11), and Plaintiffs filed a reply on February 26, 2010 (Dkt. #17).

## II. DISCUSSION

In their Motion, Plaintiffs do not argue that diversity jurisdiction is improper based on the citizenship of the parties. Instead, Plaintiffs seek to remand this matter based on alleged procedural defects and the amount in controversy. Specifically, Plaintiffs argue that removal is untimely because they served Defendant with the complaint on December 8, 2009, but Defendant did not remove the case until January 13, 2010, which would appear to be past the removal deadline. Plaintiffs also allege that removal was invalid because Defendant's counsel failed to file a substitution of attorney in the state action, and thus argue that Defendant's new counsel has no legally-recognizable authority to represent it. Plaintiffs also argue that the amount in controversy does not exceed $75,000.

In response, Defendant argues that removal was timely because the complaint was not removable until after Quality Loan filed its Declaration of Nonmonetary Status on December 22, 2009. Defendant further argues that it is not required to file a substitution of counsel - all that is

---

[1] Pursuant to California Civil Code section 2924*l*, a trustee may file a declaration of nonmonetary status in the event that it is named in an action in which that deed of trust is the subject, and in the event that the trustee maintains a reasonable belief that it has been named in the action solely in its capacity as trustee, and not arising out of any wrongful acts or omissions on its part in the performance of its duties. Cal. Civ. Code § 2924a. In the event that no objection is served within 15 days plus 5 days from the date of service, the trustee shall not be required to participate in the action and shall not be subject to any damages. *Id.* at § 2924b, d.

2

required is that a written notice of the substitution be given to the adverse party, which it states it did. As to the amount in controversy, Defendant argues that the amount is well over $75,000 because Plaintiffs seek injunctive relief to prevent foreclosure, yet they obtained a loan from Defendant in the amount of $465,000. Defendant also notes that Plaintiffs seek punitive damages and argue that this should be taken into consideration for purposes of determining the amount in controversy. Finally, as to Plaintiffs' request for injunctive relief, Defendant argues that the request is not moot because Plaintiffs have not amended the complaint to remove their request to enjoin the sale of their house, the sale of the property has not been cancelled, and it will not be cancelled as long as their loan is in default.

The Court shall consider each argument in turn.

**A.     Legal Standard**

If at any time before final judgment it appears that the district court lacks subject matter jurisdiction over a case that has been removed to federal court, the case shall be remanded. 28 U.S.C. § 1447(c). The Court "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). This strong presumption against removal jurisdiction means that the defendant always has the burden of proving that removal is proper. *Id*. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*.

District courts have diversity jurisdiction over all civil actions between citizens of different states, or between citizens of a state and citizens or subjects of a foreign state, where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. When a plaintiff files in state court a civil action over which the federal district courts would have had original jurisdiction based on diversity of citizenship, the defendants may remove the action to federal court, provided that no defendant is a citizen of the state in which such action is brought. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 62 (1996) (citing 28 U.S.C. §§ 1441(a) and (b)).

**B.     Whether Removal was Untimely**

Plaintiffs first argue that removal was untimely because they served the complaint on

3

1  December 8, 2009; therefore, the notice of removal filed on January 13, 2010 is untimely under the
2  30-day statutory time period to remove a case.  In response, Defendant argues that the 30-day period
3  should be determined from the time that Quality Loan became a nominal party and therefore not
4  considered for purposes of diversity.

5  Pursuant to 28 U.S.C. § 1446(b), a defendant seeking to remove a case to federal court must
6  do so within thirty days after service of the summons and complaint.  However, the statute provides
7  for a renewed thirty-day removal period if the defendant learns, "through service or otherwise, of a
8  copy of an amended pleading, motion, order or other paper from which it may first be ascertained
9  that the case is one which is or has become removable[.]"  28 U.S.C. § 1446(b).

10  Here, Quality Loan filed its declaration on December 22, 2009, and, when no objections
11  were filed, it transformed into a nominal party whose citizenship is disregarded for purposes of
12  assessing diversity jurisdiction.  *See* Cal. Civil Code § 29241l(d); *see also Navarro Sav. Ass'n v. Lee*,
13  446 U.S. 458, 461 (1980) ("[a] federal court must disregard nominal or formal parties and rest
14  jurisdiction only upon the citizenship of real parties to the controversy").  Accordingly, for purposes
15  of determining the thirty-day removal period, the Court finds that Defendant properly removed
16  based on a renewed thirty-day period under § 1446(b).

17  **C.     Whether Defendant was Required to File a Substitution of Attorney**

18  Plaintiffs next argue that removal was improper because Defendant failed to file a
19  substitution of attorney form in the state action.  Thus, Plaintiffs contend that Defendant's present
20  counsel has no legally recognizable authority to represent it, and had no authority to remove the
21  action. Plaintiffs cite to California Civil Code sections 284 and 285 in support of their argument.

22  The Court finds that Plaintiffs' argument is without merit.  Under section 284, the attorney in
23  an action may be changed at any time with the consent of both client and attorney.  Cal. Civ. Code §
24  284.  Under section 285, written notice of the change must then be given to the adverse party.  Cal.
25  Civ. Code § 285.  Here, Defendant provided written notice of the substitution to Plaintiffs on
26  January 12, 2010.  (Shalaby Decl. Ex. 4.)  Accordingly, the Court finds that removal was not invalid
27  on this ground.

28

**D.     Whether the Amount in Controversy Exceeds $75,000**

Plaintiffs' third argument is that the amount in controversy is below the $75,000 jurisdictional requirement. Specifically, Plaintiffs argue that the amount is, at most, the estimated $13,076.33 in loan arrears at issue, plus punitive damages "of up to three times that amount, for a total judgment of perhaps $52,000 on a good day." (Pls.' Mot. 8:13-17.) In response, Defendant argues that the amount Plaintiffs owe on their loan is far more than $13,000. Defendant further argues that, since Plaintiffs complaint seeks injunctive relief, under which they seek to have the foreclosure enjoined, the amount should be measured by the value of the object of the litigation. Although Plaintiffs contend in their motion that the injunctive relief claim has been mooted by stipulation to cancel the sale of the property, (Pls.' Mot. 6:19-23), Defendant argues that the sale was not cancelled, but rather postponed.

As a preliminary matter, the Court finds no indication that the injunctive relief claim has been mooted by any stipulation of the parties. First, as Defendant notes in its opposition, the face of Plaintiffs' complaint clearly demonstrates that they seek to enjoin the sale of their house, and Plaintiffs have not amended their complaint to remove this request for relief. Second, Defendant states that, while it has postponed the sale at the request of Plaintiffs' counsel, it has not been cancelled and will not be cancelled as long as Plaintiffs' loan is in default. (Def.'s Opp'n. 9:24-10:3.) Accordingly, the Court finds that Plaintiffs have not established that the requested injunctive relief is no longer part of their complaint.

As to the amount in controversy, "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart*, 281 F.3d 837, 840 (9th Cir. 2002) (citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). Here, Plaintiffs allege in their complaint that they "obtained a loan, secured by a FIRST deed of trust, on the subject property, from Aurora, in the amoung of approximately $465,000." (Compl. ¶ 5.) Although Defendant admits that the property value has likely decreased since 2006, (Def.'s Opp'n. 8:1-2), there is no evidence before the Court showing that it is worth less than $75,000. In addition, Plaintiffs seek an undetermined amount of

5

<div style="writing-mode: vertical-rl">**UNITED STATES DISTRICT COURT**
For the Northern District of California</div>

1 punitive damages, which is taken into consideration for purposes of determining the amount in
2 controversy. *See, e.g., Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("punitive
3 damages are part of the amount in controversy in a civil action"). Thus, the Court finds that
4 Defendant has met its burden of showing that the amount in controversy exceeds $75,000.

5     Plaintiffs cite to *Thirteen South Ltd. v. Summit Village, Inc.*, 936 F.2 579 (9th Cir. 1991),
6 arguing that the Ninth Circuit in that case looked to the value of the equity, not the value of the
7 property. However, Plaintiffs' argument is without merit because the court in *Thirteen South* looked
8 to "the value of the land" to determine the amount in controversy. *Id.* at 1. Further, *Thirteen South*
9 is an unpublished opinion and, pursuant Ninth Circuit Rule 36-3(c), it may not be cited to the courts
10 of this circuit.

11     Plaintiffs also cite to *Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074 (9th Cir. 1973), in which
12 the court held that the "matter in controversy ha[d] a value in excess of $10,000 [(which was the
13 threshold amount to be met at the time)], exclusive of interest and costs." *Id.* at 1076. Plaintiffs
14 argue that the court in *Garfinkle* held that the amount in controversy is based on the equity in and
15 not the value of the object of the litigation. (Pls.' Mot. 6:1-11.) However, the *Garfinkle* court did
16 not make any such holding. The court did not state whether its conclusion was based on either the
17 "value" of the equity in the house or the "value" of the property. In fact, the court made no mention
18 at all in its opinion of the value of the equity remaining in the property. As stated above, since
19 Plaintiffs seek injunctive relief, the amount in controversy is measured by the value of the object of
20 the litigation. *Cohn*, 281 F.3d at 840 (citations omitted).

21 <center>**III.  CONCLUSION**</center>

22     For the reasons set forth above, the Court **DENIES** Plaintiffs' request to remand this action
23 to California state court.

24     **IT IS SO ORDERED.**

25

26 Dated: March 2, 2010

27                                                   _____
Maria-Elena James
Chief United States Magistrate Judge

28